## KOCH v. LUNSCHEN.

In an action for services for collecting certain notes, evidence held to sustain a verdict for plaintiff and a finding that plaintiff and his brother did not buy the notes in question.

In an action for services for collecting certain notes, where the proof showed that plaintiff, after endeavoring to make the collection, sold the notes at their face value to a bank by agreeing to secure the bank against loss, there was no material variance sufficient to prevent recovery.

(Opinion filed, June 24, 1908.)

Appeal from Circuit Court, Davison County. Hon. FRANK B. SMITH, *Judge.*

Action by Joseph Koch against Ricklef Lunschen. From a judgment for plaintiff, defendant appeals. Affirmed.

*Preston & Hannett,* for appellant. *A. E. Hitchcock,* for respondent.

CORSON, J. This action was instituted by the plaintiff to recover from the defendant the value of services rendered him in securing the collection of two promissory notes executed by one Peterson and owned by the defendant, secured by chattel mortgages. Verdict and judgment being in favor of the plaintiff for the sum of $135, the defendant has appealed.

It is disclosed by the evidence on the part of the plaintiff that the defendant Lunschen held the notes in controversy executed by said Peterson; that he was fearful that if he attempted to foreclose the chattel mortgages the mortgaged property would not bring sufficient to satisfy the amount of the two notes and that he applied to one William Koch, brother of the plaintiff, to assist him in securing the payment of the notes; that upon the advice of William Koch the defendant applied to the plaintiff, Joseph Koch, who undertook to aid him in securing the payment of the notes; that the plaintiff went with the defendant and saw Peterson and ascertained that Peterson was unable to pay the notes at that time; that plaintiff then applied to one of the banks in Mitchell to advance the money upon the notes and mortgages, but that bank declined to advance the amount, and thereupon the plaintiff applied to the First National Bank of Mitchell, and upon an agreement by the plaintiff and his brother, William Koch, to secure the bank

against loss that bank advanced the money, which was paid over to the defendant, and he thereby secured the full amount due him upon the notes and mortgages.

It is contended by the defendant that the transaction disclosed by the evidence was a purchase of the notes and chattel mortgages by the plaintiff, and that he was not therefore entitled to recover in this action. The evidence is conflicting as to the nature of the transaction, but the jury found upon the evidence in favor of the plaintiff and answered the following question submitted to them by the court: "Q. Did plaintiff and William Koch purchase from the bank the notes and mortgages in question? A. No." The contention of the appellant that the plaintiff and his brother in fact purchased the notes and mortgages is not sustained by the evidence, and we are of the opinion that the jury were fully justified under the same in finding that the transaction did not constitute a sale of the notes to the plaintiff and his brother, and that the same were in fact sold and transferred to the First National Bank as the notes and mortgages were never delivered to the plaintiff nor his brother, and the money was secured from that bank for the defendant by means of the efforts and credit of the plaintiff. The amount recovered by the plaintiff was less than the value of his services, as testified to by the presidents of the two banks, one of whom fixed the value of his services at $200, and the other at $150.

It is further contended by the learned counsel for defendant that the undisputed evidence shows an entirely different transaction from that set out in the complaint, for the reason that the evidence fails to show a collection of the money due on the notes from Peterson, and that it fails to show that the plaintiff secured from Peterson payment of said notes and mortgages or a cancellation of the same, and that therefore there was a variance between the proofs and the cause of action stated in the complaint, and that the trial court therefore erred in not directing a verdict in favor of the defendant upon his motion. But in the view we take of the case the variance between the allegations of the complaint and the proof was immaterial, as the transaction between the plaintiff and the bank resulted in securing to the defendant that amount due him upon the notes and mortgages.

It is further contended· by the counsel for the defendant that the jury disregarded the instructions of the court, but in our view of the case there is no merit in this contention.. The court submitted the question to the jury for them to determine whether the plaintiff in fact purchased the notes and mortgages or in effect secured the amount due the defendant upon the same from the bank, and, as we have seen, the jury not only found the general verdict in favor of the plaintiff, but found specifically that the plaintiff was not the purchaser of the notes. A number of cases are cited by the learned counsel for the defendant holding that an attorney or agent authorized merely to collect a demand or to receive payment of a debt cannot bind his principal by any arrangements short of actual collection and receipts of the money and cancellation of the securities. The cases cited are mostly cases decided under the law established and governing the transactions between attorneys and clients, where notes and claims are sent for collection, and the business is left with the attorney for completion; the authority being to collect the amount and remit the proceeds to the creditor, less the ordinary commission. The proof in this case, however, shows an entirely different transaction. The plaintiff is not an attorney or collection agent and is not engaged in the collection business. The notes were not placed in his hands for collection, but remained in the possession of the defendant, and were never in fact transferred to or delivered to the plaintiff, notwithstanding the notes were in form indorsed "payable to the plaintiff and William Koch" by the defendant's attorney, and the effect of the transaction, so far as the plaintiff was concerned, was to aid the defendant in securing the amount of money due him on the notes and mortgages from the bank. It does not appear from the evidence in the case that either the plaintiff or William Koch knew that the notes were indorsed payable to them, or that they directly or indirectly authorized any such indorsement to be made upon the notes by the defendant's attorney; but it does affirmatively appear that the attorney for the defendant, after making the indorsement upon the notes signed (by he defendant, took the same to the bank, which paid the amount of money due upon the notes over to the attorney, and, as the money was directly obtained from the bank,

the plaintiff might very reasonably presume that the notes were transferred directly to the bank furnishing the money. It is quite clear therefore that the rules of law applicable to attorneys and collection agents have no application to the case at bar. It is quite clear, also, from the record, that the plaintiff by means of his assistance to the defendant in the negotiation and transfer of the notes to the bank, and by lending his credit in securing the bank against loss, did enable the defendant to secure the payment of his money, and for such services he was entitled to a reasonable compensation.

We do not deem it necessary therefore to review the recisions cited by the learned counsel for the defendant, for in our opinion they have no application to the facts as disclosed by the record in this case.

Finding no error in the record, the judgment of the court below and order denying a new trial are affirmed.