## KOCH v. LUNSCHEN.

A verdict on conflicting evidence will not be disturbed.

Where a complaint alleged that defendant agreed to pay plaintiff for assisting in the collection of certain notes and mortgages, but no particular method of making the collection was specified, plaintiff was entitled to recover on showing that he had procured money from a bank by becoming personally bound therefor, and that the

same had been received by defendant on his transferring to the bank the note and mortgage without recourse.

(Opinion filed, Nov. 17, 1909.)

On rehearing. Affirmed.

For former opinion, see 22 S. D. 220, 116 N. W. 1124.

SMITH, J. This case is before the court on rehearing. The former opinion will be found in 22 S. D. 220, 116 N. W. 1124.

The petition for rehearing is based wholly upon the ground that this court, in its decision, has misunderstood and misconstrued the evidence, as stated in the record presented on the appeal. A very careful examination of the evidence, without attempting to state it in detail, leads us to the conviction that the conclusion reached in the former decision is correct and should not be disturbed. The case was tried to a jury in the court below, and the six assignments of error in the record present but a single proposition stated in different forms and arising at various stages of the trial, namely, that the evidence does not sustain the verdict and is contrary to the instructions of the court. The petition for rehearing points out certain alleged inaccuracies in the statement of facts in the former opinion, none of which we think would be material if found to exist, nor would they in any manner affect the conclusion reached on the whole evidence. A very brief resume of the facts will make this clear.

The defendant, Lunschen, held certain notes, secured by chattel mortgages, executed by one Peterson. Lunschen was desirous of collecting the amount due on these notes, aggregating something like $2,700, and employed the plaintiff, Joseph Koch, to go with him to see Peterson, saying that, if he were compelled to foreclose the mortgages at that season of the year, he would lose about $700. Koch and Lunchen went together to Peterson's place. Lunschen and Peterson quarreled, and Peterson started to drive away. Koch then left the buggy and got into the wagon with Peterson and tried to persuade him to settle with Lunschen. Peterson finally told Koch he would "do anything to settle." Koch returned to the buggy and told Lunschen, "between you and Peterson, I can accomplish a settlement." Lunschen replied, "If you can, I will pay you well for it." Koch had another conver-

·sation with Peterson, who promised to come into town the next ·morning. Peterson came, as agreed, and Koch and he went to-gether to the Mitchell National Bank and tried to get the money on the security contained in the mortgages, but failed. Joseph Koch thereupon sent Peterson to see his brother, William Koch. All three then went to the First National Bank, and "the best they could get there was $2,000." While at the bank, the plain-tiff, Joseph Koch, and his brother, William, in order to secure the money for Peterson with which to pay the debt due to Lun-schen, executed their own note to the bank and left it with the bank with an agreement that Lunschen should also transfer his notes and mortgages against Peterson as additional security. In closing up the transaction with the bank, the transfer of the notes and mortgages appears to have been framed by Mr. Hannett for Lunschen and by Mr. Branson for the bank. The notes and mort-gages were indorsed to the two Kochs by Lunschen "without re-course," and were turned over to and left with the bank as col-lateral for the money to be advanced to pay Lunschen. Neither the notes nor mortgages were ever in the possession of the Kochs. The money thus obtained from the bank was thereupon paid over to Mr. Hannett for Lunschen. The evidence discloses the value of Joseph Koch's services, and no question as to the amount of the verdict is raised by appellant. There is a sharp conflict in the evidence of Joseph Koch and Lunschen as to the transaction between them above referred to; but the verdict of the jury de-termines the facts in favor of Koch in this particular, and their decision will not be disturbed by this court.

Counsel for appellant, both in his brief on appeal and in the petition for rehearing, insists most strenuously that the transac-tion referred to above constituted a purchase from Lunschen by the Kochs of the Peterson notes and mortgages, and was not a "collection" by Lunschen of the amount due him from Peterson. The complaint alleges that Lunschen agreed to pay Joseph Koch for his services in assisting in the collecting of these notes and mortgages. The plain object Lunschen had in view, in seeking the assistance of Joseph Koch, was to secure the money due him from Peterson. No particular mode of accomplishing that end

was alleged in the complaint, nor was any particular method specified in the conversation between them at the time of Koch's employment. Lunschen, through the means adopted by Koch, secured and was paid every dollar that was due him, and to permit him to retain the full benefit of Koch's services and escape liability therefore, merely because the method adopted by Koch would not constitute a strict "collection" of the notes and mortgages, would be an injustice based upon a purely technical definition of the word "collection," which perhaps might involve, if strictly construed, a full discharge of Petersons liability on the notes; but the complaint does not allege any such agreement between Lunchen and Koch, and it was wholly immaterial to Lunschen whether Peterson's liability on the notes and mortgages was ended or not. There might be some merit in the contention of his counsel, if Lunschen, by his indorsement of the notes to the Kochs, had assumed a new liability as indorser; but the record shows that the indorsement was without recourse, and it is clear therefore that Lunschen has received the full benefit of even a technical collection. That the transaction as detailed by Koch, and which we must accept as true under the findings of the jury, did not constitute a sale of the notes and mortgages, by Lunschen, as contended by appellant's counsel, appears entirely clear to us. The particular form given the transaction by the attorney and the bank officer who made out the papers is not material here. It is plain that the bank accepted the notes and mortgages of Peterson and the liability assumed by the Kochs, as security for the amount paid to Lunschen on the debt due from Peterson. It is true one witness testified that it was agreed that the Kochs should purchase the mortgages from Lunschen; but this is controverted by the Kochs, and the jury evidently accepted their version of the transaction. That the court did not err in refusing to direct a verdict for the defendant at the close of all the evidence is apparent from the conflict between the testimony of these and other witnesses on the material issues raised by the pleadings.

We are clearly of the opinion that the conclusion reached on the former hearing was correct.

The judgment and order of the trial court are therefore affirmed.